UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In Re:                                           Case No.: 07-66101

    DAWN M. LAMA-MCALLISTER,           Chapter 7

                Debtor,                           Hon. Walter Shapero
_____/

**OPINION IN CONNECTION WITH § 707(b)(2)(B) SPECIAL CIRCUMSTANCES ISSUE**

      This is a chapter 7 case in which the United States Trustee filed a motion to dismiss under § 707(b)(2) and (b)(3). At the hearing, an intermediate conclusion was reached to the effect that further proceedings on the (b)(3) aspect of the motion should be deferred pending a decision on a specific issue arising under (b)(2). The amended § 707(b)(2)(A) Means Test filing of Debtor indicated that a presumption of abuse arose. Included in that filing on line 56 is an additional expense of $797.04 described as a monthly repayment amount on a student loan. Debtor argues that amount is properly included in line 29 of the Means Test form as a reasonable and necessary educational expense for the Debtor's employment - the loan having been incurred to enable Debtor to educate herself for her current occupation as a Certified Public Accountant. However, since it is a payment for a debt, something which the statute precludes from being considered as an expense under the Means Test, Debtor looks to it as constituting such "special circumstances" as would rebut the presumption of abuse under § 707(b)(2)(B). It is apparently an undisputed fact that if it is allowed as such as an additional expense, the required statutory arithmetical calculations would rebut the presumption of abuse.

-1-

The initial issue here then is the meaning and interpretation of the statutory "special circumstances" phrase. The statute itself states:

> (B)(i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
>
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide–
> (I) documentation for such expense or adjustment to income; and
> (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
>
> (iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

11 U.S.C. § 707(b)(2)(B). (It is apparently undisputed that the associated documentation and explanatory requirements of the statute have essentially been complied with by the Debtor.

In this Court's opinion, this statute plainly says and means that:

(1) the presumption of abuse may only be rebutted by Debtor demonstrating circumstances that are "special";

(2) those special circumstances are limited to the extent they justify additional expenses or adjustments of current monthly income; and

(3) there cannot be any reasonable alternative to those justified additional expenses or adjustments of current monthly income.

The term "special" itself means distinguished by some unusual quality, or something uncommon, noteworthy, or extraordinary. Webster's Third New International Dictionary, Merriam-Webster, Inc. (1986).The statute gives examples of what were considered by the drafters to be in the category of "special" circumstances i.e.: "such as a serious medical condition or a call or order to active duty in the Armed Forces." Query? To what extent, if any, do these stated circumstances

limit what circumstances are otherwise considered to be within a fair definition of "special"? Does the statute simply mean that *any* circumstances that may properly be considered as being "special" are those contemplated by the statute, and, the two stated are just two examples of what the drafters felt were clearly "special," and, as such, do not legally limit the scope or reach of what is otherwise "special"?[1] Put somewhat differently, if there are circumstances which are "special" within the normal meaning of that term, but which are not arguably of the ilk of the statutory examples, then are the latter in essence properly described as "special," special circumstances? In other words, are there degrees of "specialness" that the drafters intended to differentiate by way of citing the indicated circumstances and the use of the phrase "such as," and if so, by what standards does one differentiate them, or, how does one define the class, type, or parameters of the statutory examples in a way and with sufficient clarity and direction as would enable a court to differentiate them from what are otherwise "special" circumstances?

In this Court's view, the mere posing of those questions requires a conclusion that the statutory examples provide a guide, but not a legal limitation, as to what otherwise might be considered "special" circumstance. Thus, it is the specialness of the circumstance that is the overriding consideration in any given case. It seems to this Court that the aim of the drafters of this aspect of BAPCPA to eliminate abuse and encourage repayment of debts has been more than served

---

[1] One might be tempted to turn to the statutory construction rule of *ejusdem generis* to help in the answer. That rule that essentially says that where in a statute general terms follow specific terms, the interpretation of the general terms is limited to matters similar to those specified. This situation is actually the reverse in the sense that the specific follows the general and for that reason that statutory construction rule might not be particularly helpful or even applicable here. To also be noted, however, is the limitation of the application of that rule to those situations where the intent and purpose of the statute is otherwise clear. See, e.g., *U.S. vs. LaBrecque*, 419 F. Supp. 430 (D. N.J. 1976).

by the creation of the presumption of abuse in the first place. There is little or no need or point in reinforcing those intentions by some overly narrow and litigation producing interpretation of the statutory language giving a debtor the opportunity to rebut that presumption. While not surprisingly there lacks judicial unanimity for this Court's view, there is substantial support for it, albeit with varying rationales. See, e.g., *In re Champagne*, 389 B.R. 191 (Bankr. D. Kan. 2008); *In re Martin*, 371 B.R. 347 (C.D. Ill. 2007); *In re Armstrong*, 2007 Bankr. LEXIS 1812, 2007 WL 1544951 (Bankr. N.D. Ohio 2007).

Given that frame of reference and manner of interpreting the statute, there is yet further discussion and varying conclusions as to whether or not student loans constitute special circumstances as a matter of law, or *per se*, or whether the determination requires an analysis of all of the facts and circumstances of the debtor(s) involved. Compare, *In re Champagne*, supra; *In re Vaccariello*, 375 B.R. 809 (Bankr N.D. Ohio 2007) with *In re Wagner*, 2008 Bankr. LEXIS 725, 2008 WL 706616 (Bankr. D. Neb. March 14, 2008); *In re Vaccariello*, supra; *In re Lightsey*, 374 B.R. 377 (Bankr. S.D. Ga. 2007). In this Court's view, the issue of whether student loans constitute special circumstances is best dealt with by a ruling that they can constitute special circumstances in some cases, but not in others. See, e.g., *In re Martin*, 371 B.R. 347 (Bankr. C.D. Ill. 2007); *In re Delbecq*, 368 B.R. 754 (Bankr. S.D. Ind. 2007); *In re Templeton*, 365 B.R. 213 (Bankr. W.D. Okla. 2007); and *In re Knight*, 370 B.R. 429 (Bankr. N.D. Ga. 2007). This is the better view, for among other reasons, not all student loans are in fact non-dischargeable. Indeed, under § 523(a)(8), student loans can be discharged in circumstances where it is shown that their repayment would cause undue hardship. Among other considerations, it would be inappropriate to preempt or prejudice in advance the result in any adversary proceeding specifically and only involving dischargeability of the loan

at issue, to make the issue of dischargeability the sole or even principal determinant of the special circumstances inquiry.

Finally, there is the statutory requirement that there be no reasonable alternative to the student loan expense. That too involves a factual inquiry which in a real sense is bound up with, and is not unrelated to, the "special circumstances" inquiry. While there has been some argument about whether that issue was properly or timely raised, in this case, the Court concludes it has been.

The sum and substance of the foregoing and the Court's conclusion as to the future of this case and its denouement is that (1) the Court has here set forth the manner in which it thinks the statute should be interpreted; (2) such requires a factual inquiry and an evidentiary hearing; and (3) the anticipated scope and relevant content of such a hearing are such as would make it inefficient and inappropriate to separate that hearing from the totality of circumstances inquiry mandated in a § 707(b)(3) hearing. Accordingly, a single hearing on both will be set by the Courtroom Deputy.

**Signed on October 03, 2008**

                                         **/s/ Walter Shapero**
                                         **Walter Shapero**
                                         **United States Bankruptcy Judge**